UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 15-20205-TLM |
| PRAVEEN KEVIN KHURANA, ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| _____ ) | |

**SUMMARY DECISION ON DEBTOR'S OBJECTION
TO CLAIMS OF NEZ PERCE COUNTY**

_____

On January 13, 2016, the chapter 13 debtor, Praveen Khurana ("Debtor"), objected to the proofs of claim filed by several creditors, including proofs of claim Nez Perce County ("County"). Doc. No. 92 ("Objection").

The proofs of claim at issue are Claim No. 2-1 (2012 property taxes of $3,032.16, filed as secured); Claim No. 3-1 (2014 property taxes of $2.660.66, filed as secured); Claim No. 4-1 (2013 property taxes of $2,890.96, filed as secured); and Claim No. 5-1 (estimated first quarter 2015 taxes of $590.96, filed as secured).[1]

Though Debtor failed to fully comply with either the Bankruptcy Rules or the Local Bankruptcy Rules in the filing and serving of the Objection, the County responded. Doc. No. 95.

---

[1] The County's proofs of claim contain no attachments.

SUMMARY DECISION ON DEBTOR'S OBJECTION
TO CLAIMS OF NEZ PERCE COUNTY - 1

Debtor then filed a reply, Doc. No. 102. In it, he argued generally that the amounts claimed by the County were "inaccurate and inflated." He also objected to any included charges for or related to (a) garbage bills, (b) urban development, and (c) 12% interest charged on delinquencies.[2]

Debtor ultimately served a notice of hearing on the Objection. Though it, too, failed to comply with the Rules and Local Rules, the County's counsel appeared at such hearing on March 15. No evidence was presented by either party. Following argument, Debtor stated that he now agreed there was "no problem" with the interest or penalties asserted in the County's claims. He also conceded that as a taxpayer, he had never filed or pursued an appeal of assessments through the Board of Equalization. He continued to argue, however, as to one remaining issue. He contended that a city "garbage bill" is not a tax but a utility billing and improper. The County's response was that this contention, like those involving local improvement districts or other city-specific matters, would be something between Debtor and the city of Lewiston. Counsel noted that the County merely collects the general taxes for the city.

The billings Debtor relies upon are attached to his response as "exhibit A."

---

[2] Debtor's reply also addressed the objection to plan confirmation raised by the County in its response. This issue is not before the Court at this time as Debtor has never properly noticed a plan for a confirmation hearing. Additionally, while Debtor's Objection had raised an issue about a petition for writ of mandamus in the Idaho state courts, his reply indicated that this avenue had been abandoned. Doc. No. 102 at 2.

SUMMARY DECISION ON DEBTOR'S OBJECTION
TO CLAIMS OF NEZ PERCE COUNTY  - 2

Doc. No. 102 at 9–12.  There are no line items therein regarding "garbage bills" though there are line items on the statements for "Lewiston City Lien" and "Downtown Lewiston."

Once a proof of claim is filed, it is prima facie evidence of the claim's amount and validity, Rule 3001(f), and is allowed unless a party in interest objects.  *See Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).  Once an objection is made, a proof of claim is still sufficient absent evidence of its invalidity.  *Id.* (citing *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)).  The burden of producing evidence of a proof of claim's invalidity rests with the objector.  *Litton Loan Servicing, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706–07 (9th Cir. BAP 2006).  Only if the objector produces evidence to rebut the presumption of validity will the burden of persuasion shift back to the claimant.  *Id.*

Debtor produced no evidence in support of his Objection.  The presumption of Rule 3001(f) was never rebutted, and the burden never shifted back to the County.  Therefore, the Objection must be overruled, and the challenged claims will be allowed.

IT IS SO ORDERED.

SUMMARY DECISION ON DEBTOR'S OBJECTION
TO CLAIMS OF NEZ PERCE COUNTY  - 3

DATED: March 18, 2016



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUMMARY DECISION ON DEBTOR'S OBJECTION
TO CLAIMS OF NEZ PERCE COUNTY  - 4